IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

     Plaintiff,

        v.

MITCHELL R. OWENS,

     Defendant.

Case No. 12-cr-40055-JPG-1

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Mitchell R. Owens' *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Doc. 301).

Owens was sentenced in March 2013 to be imprisoned for 151 months, followed by a term of supervised release, for conspiring to manufacture and distribute methamphetamine.  On December 2016, the Court issued an order reducing Owens' sentence from 151 months to 130 months pursuant to the 2013 retroactive drug guideline amendment under 28 U.S.C. § 994(u). He served his prison time and was released.  Since then, he has violated his terms of supervised release, and the Court has revoked his supervised release in two times (May 2019 and July 2021).  He is currently serving a 27-month term of imprisonment imposed in the most recent revocation proceeding (Doc. 295).

Owens now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 that he believes could, if retroactively applied, lower his sentencing range and, ultimately, his sentence. Amendment 782 amended U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower some base offense levels associated with various relevant conduct drug amounts.  The relevant parts of Amendment 782 are retroactive.  *See* U.S.S.G. § 1B1.10(d).

2

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

Here, even if Amendment 782 would have lowered Owens' guideline range, he cannot satisfy the second criterion; a reduction would be inconsistent with the applicable policy statement found at U.S.S.G. § 1B1.10 app. note 7(A) ("Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section.  This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release.").  Thus, a reduction of Owens' sentence would be inconsistent with the applicable policy statements and would not be authorized by 18 U.S.C. § 3582(c)(2).

Because Owens is not eligible for a sentence reduction, the Court **DENIES** Owens' motion (Doc. 301).

**IT IS SO ORDERED.**
**Dated: March 7, 2022**

/s/ J. Phil Gilbert_____
**J. PHIL GILBERT**
**DISTRICT JUDGE**